UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THOMAS PEPE,

    Plaintiff,

v.                                                       Case No. 3:25cv837-TKW-HTC

SUSAN FINLEY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Thomas Pepe, proceeding *pro se*, has filed yet another complaint arising out of his dissatisfaction with the handling and results of probate proceedings that are or were pending in a state court in the Middle District of Florida, involving the administration of his father's estate. Doc. 1. As discussed further below, by the undersigned's count, this is the sixteenth case Plaintiff has filed in this District in the last few months.

In this case, as he has done in others, Plaintiff sues an attorney who was involved in those probate proceedings. Also, as he has done in other cases, he filed this case in the wrong venue. However, because this case belongs in state court, the undersigned recommends the action be dismissed rather than transferred to the Middle District. *See* 28 U.S.C. § 1406. Additionally, based on Plaintiff's history of

filing frivolous litigation, the undersigned recommends the Court issue an injunction restricting Plaintiff's ability to file further cases in this District.

Pursuant to 28 U.S.C. § 1391(b), venue is proper (1) in any judicial district in which any defendant resides, (2) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to the action. *See* 28 U.S.C. § 1391(b)(1)–(3). As stated above, venue is not proper in this District.

Plaintiff alleges Defendant Finley, an attorney located in Boca Raton, Florida, engaged in fraud, legal malpractice, and civil conspiracy by failing to notify him an escrow payment was not made during a real estate transaction involving his father's home; as relief, he seeks $250 million in damages. Based on the exhibits attached to the complaint, the property at issue is located in Fort Myers, Florida. Thus, despite Plaintiff's allegations to the contrary, venue is not proper in this District.

When a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Here, the case should be dismissed rather than transferred because Plaintiff's claims belong in state court.

"[A] federal district court must have at least one of the three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Plaintiff asserts he is invoking the Court's federal question jurisdiction, but he does not allege a violation of any federal law, and his complaint does not otherwise present a substantial federal question. *See Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011) (The federal question at issue "must appear on the face of the plaintiff's well-pleaded complaint."). Instead, his claims for fraud, legal malpractice, and civil conspiracy are all state law claims. "The appropriate jurisdiction for such state law claims, absent a showing of federal diversity jurisdiction, is state court. Therefore, the record does not support federal question jurisdiction under 28 U.S.C. § 1331."[1] *Betts v. Betts*, No. 3:13-CV-288, 2013 WL

---

[1] While Pepe also references 28 U.S.C. § 1367, that statute only allows federal courts to exercise supplemental jurisdiction over state law claims that are related to a federal claim. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 27 (2025) (Under § 1367, "jurisdiction over a federal-law claim brings with it supplemental jurisdiction over a state-law claim arising from the same facts."). It does not provide a basis for subject-matter jurisdiction in the absence of a federal claim.

4096086, at *5 (N.D. Fla. Aug. 13, 2013) (finding no federal jurisdiction in a case involving fraud under Florida law); *see also Kinsey v. King*, 257 F. App'x 136, 139 (11th Cir. 2007) ("Any state-law claims, including legal malpractice, arise out of Gould's representation of the Kinseys in negotiating a settlement agreement and his refusal to continue that representation after the Kinseys rejected that agreement. The district court lacks federal question jurisdiction over any such claims.").

Moreover, Plaintiff's complaint fails to establish the Court has diversity jurisdiction. Under 28 U.S.C. § 1332, federal district courts have original jurisdiction of actions between citizens of different states when the amount in controversy exceeds $75,000. Plaintiff indicates he and Defendant Finley are located in Florida.[2] Therefore, there is no diversity of citizenship. *See McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1280 (M.D. Ala. 1998) ("[F]or diversity jurisdiction to exist, there must be 'complete diversity,' that is, each defendant must be a citizen of a state different from that of each plaintiff.") (citations omitted). Because Plaintiff has not established this case involves a question of federal law, or that the Court has diversity jurisdiction, the case should be dismissed.

Finally, Plaintiff has filed at least twenty cases in this District. Sixteen were filed in the past month and a half and most have been dismissed or recommended

---

[2] Plaintiff indicates he resides in Gulf Breeze, Florida, and Defendant Finley is an attorney with an office in Boca Raton, Florida.

Case No. 3:25cv837-TKW-HTC

for dismissal for: (1) failure to state a claim; (2) judicial immunity; (3) improper venue; or (4) lack of subject-matter jurisdiction.[3] *See e.g., Pepe v. Shenko*, Case No. 3:25cv709-TKW-ZCB, Doc.12 (dismissing suit against state court judge with prejudice based on judicial immunity); *Pepe v. Pepe*, Case No. 3:25cv739-TKW-HTC, Doc. 7 (pending report recommending dismissal based on improper venue and frivolity); *Pepe v. Pivachek*, Case No. 3:25cv667-TKW-ZCB, Doc. 9 (dismissing suit against state court judge with prejudice based on judicial immunity); *Pepe v. Confreda*, Case No. 3:25cv730-TKW-HTC, Doc. 9 (dismissing suit based on improper venue and failure to state a claim); *Pepe v. Winesett*, Case No. 3:25cv665-MCR-ZCB, Doc. 6 (pending report recommending dismissal based on judicial immunity in suit against state court judge); *Pepe v. Lajqi, et al.*, Case No. 3:25cv565-MCR-ZCB, Doc. 8 (pending report recommending dismissal based on lack of subject-matter jurisdiction); *Pepe v. Harrell, et al.*, Case No. 3:25cv725-TKW-ZCB, Doc. 7 (pending report recommending dismissal based on lack of subject-matter

---

[3] Two of the sixteen cases were dismissed based on Plaintiff's failure to comply with Local Rule 5.3, which requires a plaintiff to pay the filing fee or move for leave to proceed *in forma pauperis* when filing a complaint. *See Pepe v. Shenko*, Case No. 3:25cv644-TKW-ZCB; *Pepe v. Fuller*, Case No. 3:25cv645-TKW-ZCB. The remaining cases suffer from the same deficiencies as the cases that have been dismissed or recommended for dismissal. *See Pepe v. Brown*, Case No. 3:25cv723-TKW-ZCB (suing attorneys and judges involved in state court proceedings in the Middle District); *Pepe v. Goldin*, Case No. 3:25cv727-MCR-ZCB (suing attorney involved in state court proceedings in the Middle District); *Pepe v. Cattano*, Case No. 3:25cv742-MCR-ZCB (suing his sister for interfering with their father's estate in the Middle District); *Pepe v. Rubino*, Case No. 3:25cv838-MCR-ZCB (suing attorney who represented Plaintiff in the probate proceedings in the Middle District).

jurisdiction); *Pepe v. Laboda*, Case No. 3:25cv666-MCR-HTC, Doc. 4 (transferring case filed against state court judge to the Middle District of Florida); *Pepe v. Fuller*, Case No. 3:25cv707-TKW-ZCB, Doc. 7 (pending report recommending dismissal based on judicial immunity in suit against state court judge).  Indeed, on May 22, 2025, the Court warned Plaintiff "that his ability to file cases in this Court may be restricted if he continues filing multiple, meritless lawsuits against anyone and everyone connected to his state court proceedings." *See Pepe v. Pivachek*, Case No. 3:25cv667-TKW-ZCB, Doc. 6.  Despite this warning, Plaintiff has continued to file similar frivolous cases.

Given Plaintiff's abusive litigation history, the undersigned recommends Plaintiff be enjoined from filing a new *pro se* complaint in this district without the payment of the filing fee or the submission of an affidavit from an attorney in good standing attesting that Plaintiff's complaint has been reviewed and that the factual allegations contained therein provide a good faith basis for venue and jurisdiction in this Court.

Accordingly, it is RECOMMENDED:

1.     That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1406.

2.     That Plaintiff be enjoined and prohibited from filing any new *pro se* complaints in this District unless the complaint is accompanied by either:

      a.    full payment of the filing fee; or

      b.    an affidavit by a licensed attorney in good standing in this District or in the jurisdiction where the attorney is admitted, attesting that the attorney has reviewed the complaint and finds the factual allegations alleged provide a good faith basis for venue and jurisdiction in this District.

    3.    That all pending motions be TERMINATED.

    4.    That the clerk close the file.

At Pensacola, Florida, this 24th day of June, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1.

Case No. 3:25cv837-TKW-HTC